# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID EUGENE BAILEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:11CV401 AGF |
| BONNE TERRE PAROLE OFFICER, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the payment of plaintiff's initial partial filing fee. Plaintiff having been granted leave to proceed in forma pauperis and paid the initial partial filing fee, his claims against defendant must be reviewed pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. After reviewing the complaint, the Court will dismiss the instant action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

In this action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff broadly alleges a violation of the Fourteenth Amendment and "deliberate indifference" against an unnamed Bonne Terre Parole Officer, a violation he alleges involves "a scam & extortion" by the Department of Corrections.[1]

Plaintiff asserts that in November of 2007 an unnamed Bonne Terre Parole Officer acted unlawfully when she ignored his "home plans" and instead paroled him to the Home Center in Kansas City, so that he would have to pay rent to the Missouri

---

[1] In his complaint, plaintiff alleged several separate claims against different defendants, arising at different times. By Order dated March 3, 2011, the claims were severed, and re-filed as separate suits. (Doc. #2). Plaintiff's claims against Bonne Terre Parole Officer appear at page 9 of the complaint. (Doc. #1).

Department of Corrections. Plaintiff asserts that in this same "scam" to "get more money," the unnamed parole officer required him to pay for GED classes even though he already had his high school diploma.

## Discussion

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff has not identified the specific federal or constitutional right he believes defendant Bonne Terre Parole Officer violated, and the Court will not speculate as to allegations that have not been specifically enumerated. As such, plaintiff's allegations fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The Court additionally notes that even if plaintiff had articulated the specific federal or constitutional rights he believes were violated by defendant, his allegations would still be subject to dismissal as they have been stated in a wholly conclusory fashion and seem highly implausible. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). Plaintiff's assertion that some unidentified civil rights have been violated by the parole officer's placement of him in a facility contrary to his wishes fails to articulate an arguable basis for relief. Moreover, his allegations that defendant was

invested in some scheme to make additional money for the State of Missouri sounds implausible and cannot form the basis for continuation of the present action. Id. at 1950, 1951-52.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as it is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of May, 2011.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE